IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ROBERT DEMOS,

      Petitioner,

v.                                                         No. CIV 13-0019 LH/KBM

U. S. SECRETARY OF DEFENSE,
U. S. SECRETARY OF STATE,
U. S. ATTORNEY GENERAL,
U. S. TREASURY SECRETARY,
PRESIDENT OF THE UNITED STATES,

      Respondent.

MEMORANDUM OPINION AND ORDER DISMISSING PETITION AND
PROPOSING ADDITIONAL FILING RESTRICTIONS

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus. Petitioner has not paid the filing fee or moved for leave to proceed in forma pauperis. He is incarcerated in the State of Washington. In his petition, Petitioner attacks a conviction that was entered by a military court and a resulting sentence that was imposed, allegedly, by a state court. He asserts that a number of his constitutional rights were violated during his prosecution; he does not specify the relief he seeks.

Because Petitioner is not incarcerated in this district, and neither his conviction nor his sentence was imposed by a court in this district, he may not pursue relief under § 2241 in this Court. As stated by The Court of Appeals for the Tenth Circuit, a district court does not have jurisdiction of a petition under § 2241 unless the petitioner is confined in the same district. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam) ("A § 2241 petition for a writ of habeas

corpus must be addressed to the federal district court in the district where the prisoner is confined."); *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012) ("the district court lacked jurisdiction because Mr. Montalvo was confined [outside the district]"); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at \*\*2 (10th Cir. Oct. 12, 1999) (§ 2241 petition "must be filed in the district where the petitioner is confined."). Under § 2254 R. 1(b), 4, Petitioner is not entitled to relief, and the petition must be dismissed or transferred to the United States District Court where Petitioner is confined.

The Court of Appeals for the Tenth Circuit has noted several factors that must be considered in determining whether to transfer or dismiss a petition. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *and see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing *Trujillo* factors before transferring second § 2255 motion). The first of these factors is whether a new proceeding against Respondents would be time barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Under rules governing § 2241 petitions, it appears that Petitioner's habeas claims may now be time barred. *See Klein v. Franklin*, 437 F. App'x 681, 683 (10th Cir. 2011) ("This limitations period . . . applies to petitions for habeas relief under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254.").

The other two factors in *Trujillo* are whether Petitioner's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4, and whether the petition was "filed in good faith," *Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). With respect to these two factors, the Court first notes that Petitioner has filed a number of habeas corpus petitions and civil complaints in this Court, each one attacking his Washington conviction and incarceration. *See, e.g., Demos v. The United States*, No. CIV 08-0814 WJ/WPL; *Demos v. Bush*, No. CIV 01-0691 JP/WWD; *Demos v. The Governor of the*

*State of New Mexico, et al.*, No. CIV 03-0938 BB/ACT; *Demos v. Moore, et al.*, No. CIV 03-0939 JP/LCS; *Demos v. Bush*, No. CIV 03-1356 WJ/RLP. Each of these proceedings was summarily dismissed.

Furthermore, the Court notes that, according to the Courts' PACER Case Locator Service, https://pcl.uscourts.gov/, Petitioner has filed approximately 731 prisoner petitions in Federal Courts across the nation. This history of Petitioner's repetitive, abusive filings provides no support for a finding of likely merit or good faith in the instant petition. Because the second and third *Trujillo* factors weigh strongly in favor of dismissal rather than transfer, and in the interest of justice, *see* 28 U.S.C. § 1631, Petitioner's petition will be dismissed.

Last, this Court has previously imposed filing restrictions on Petitioner, *see Demos v. The United States*, No. CIV 08-0814 WJ/WPL Doc. 4 (D.N.M. Sept. 25, 2008), and his current petition fails to comply with the retrictions. Because Petitioner persists in ignoring this Court's orders, and because his filings are repetitive and abusive, the Court will propose additional filing restrictions against him. A final order of dismissal in this case will not be entered until objections to the filing restrictions proposed below are resolved or, if no objections are filed, the time for objecting has passed. *See Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989).

IT IS THEREFORE ORDERED that, within fourteen (14) days from entry of this order, Petitioner pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that Petitioner's petition is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Petitioner is hereby ENJOINED from making further filings in this case except objections to this order and a notice of appeal, and the Clerk is directed to return without filing any additional submissions in this case other than objections to this order and

a notice of appeal;

IT IS FURTHER ORDERED that Petitioner is ENJOINED from initiating further proceedings in this Court, and the Clerk is directed to return without filing any initiating pleading that Petitioner submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Petitioner first obtains permission to proceed *pro se*. To obtain permission to proceed *pro se* in this Court, Petitioner must take the following steps:

1. file a petition with the Clerk of Court requesting leave to file a *pro se* original proceeding;

2. file with the petition a notarized affidavit, in proper legal form, which recites the issues Petitioner seeks to present, including a short discussion of the legal right asserted, and the basis of the Court's jurisdiction of the subject matter and the defendants. The affidavit must certify that, to the best of Petitioner's knowledge, his legal arguments are not frivolous or made in bad faith; they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and the new suit is not interposed for any improper purpose such as delay or needless increase in the cost of litigation. If Petitioner's claims have previously been raised or the respondents have previously been sued, the affidavit must certify that the proposed new suit does not present the same issues that another court has decided and explain why the new suit would not be an abuse of the system; and

3. submit his petition and affidavit, and a copy of these filing restrictions, to the Clerk of the Court, who will be directed to forward them to the Chief Magistrate Judge for review to determine whether to permit the filing of a *pro se* original proceeding. Unless the Chief Magistrate Judge approves the filing with the concurrence of the assigned District Judge, the Clerk will be directed to return the petition or complaint without filing. If the Chief Magistrate Judge and assigned District Judge approve the filing, an order shall be entered authorizing the filing of the petition or complaint.

**Within fourteen (14) days from entry of this order, Plaintiff may file written objections to these proposed additional filing restrictions, and the restrictions will take effect only upon further order of the Court**.

_____
SENIOR UNITED STATES DISTRICT JUDGE